**WO**                                                                                                **JWB**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Nicholaus James McDonald, | ) | No. CV 07-1022-PHX-GMS |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Ronolfo Macabuhay, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant's Motion for Leave to File Motion to Dismiss on Ground of Qualified Immunity (Doc. # 63). The Court will deny the motion for two reasons.

First, Defendant's motion fails to comply with the Federal Rules of Civil Procedure. As Defendant notes, the dispositive motion deadline expired on December 1, 2008 (Doc. # 30). When a deadline has expired, and a Scheduling Order has been entered in the case, a request for a modification to the Scheduling Order must be supported by a showing of good cause. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). Defendant does not articulate the appropriate standard and presents no argument that would support a good cause finding in this case. Defendant boldly asserts that the basis for his qualified immunity motion was not apparent until the Court entered its summary judgment order. The Court disagrees, but even if it did not, Defendant does not explain why his motion for leave was not filed for over two months after the summary judgment order.

Again, however, even if the Court were to consider the motion for leave on its merits, it must still be denied because the motion distorts the Court's finding in its summary judgment order. Contrary to Defendant's contention, the Court did not find that Defendant

was personally responsible for the entirety of Plaintiff's medical care between November 2004 and July 2006. What the Court did find was that a reasonable jury could conclude that Defendant's failure to obtain results or follow up on tests that he personally ordered was deliberately indifferent to Plaintiff's health. See McGuckin v. Smith, 974 F.2d 1050, 1061 (9th Cir.1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997) (en banc) (finding that a single "egregious" failure can rise to the level of deliberate indifference). Moreover, that inmates are entitled to acceptable medical care is clearly established. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin, 974 F.2d at 1061. Consequently,

**IT IS HEREBY ORDERED** that Defendant's Motion for Leave to File Motion to Dismiss on Ground of Qualified Immunity (Doc. # 63) is **denied**.

DATED this 17th day of November, 2009.

_____
G. Murray Snow
United States District Judge